FILED

**NOT FOR PUBLICATION**

OCT 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUNG YONG-WOO, aka Shouzhe Jin, | No. 06-72326 |
| Petitioner, | Agency No. A077-753-202 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 6, 2010
Pasadena, California

Before: HALL, FISHER and BYBEE, Circuit Judges.

Petitioner Jung Yong-Woo, aka Jin Shouzhe (hereinafter "Petitioner"),

contests removal on grounds that he is eligible for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT") on account of his

brief, two-week long affiliation with Falun Gong, a movement banned by the

government in China, his alleged home country. We have jurisdiction to review

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

the decision of the Immigration Judge ("IJ"), as affirmed by the Board of Immigration Appeals ("BIA"), under 8 U.S.C. § 1252(b).  Because substantial evidence supports the IJ's conclusions that (1) Petitioner did not present sufficient credible evidence to establish his identity as a Chinese citizen, and (2) Petitioner failed to establish a "well-founded fear" of persecution in China, we deny the petition for review.

Petitioner's first argument is that the IJ erred in concluding that Petitioner failed to prove that he was a citizen of China.  The IJ's conclusion was based on an adverse credibility finding.  We must respect the IJ's credibility findings unless the petitioner "has presented evidence so compelling that no reasonable factfinder could find that he was not credible." *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (citation and internal quotation marks omitted).  The IJ's adverse credibility finding was based on Petitioner's failure to adequately explain how he came into possession of a genuine South Korean passport containing his picture and bearing the name Jung Yong-Woo.  The IJ noted Petitioner's inability to describe the circumstances of how he obtained the Korean passport in any detail, beyond generalized assertions that smugglers had given it to him.  The IJ also found Petitioner's explanation for why he listed Korean names rather than his

2

parents' actual names on the I-213 and represented his parents to be Korean citizens was incredible.

Petitioner has not supplied evidence sufficient to compel a reasonable factfinder to reverse the IJ's adverse credibility determination. Beyond his questionable testimony, Petitioner presented various identifying documents issued by the Chinese government, including a Chinese passport. Even if we presume that the documents Petitioner presented are genuine, they still do not explain how he came into possession of the Korean passport, or why he told U.S. immigration authorities that he was Korean.

Petitioner disputes the authenticity of the Korean passport and notes that the IJ denied him the opportunity to cross-examine the government's forensic expert who found the Korean passport to be genuine. The due process clause of the Fifth Amendment and 8 U.S.C. § 1229a(b)(4)(B) require that aliens in removal proceedings be afforded a "reasonable opportunity" to cross-examine government witnesses. *See Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 681 (9th Cir. 2005). The IJ's explanation that her hearing room lacked the proper equipment for a telephonic hearing is not an acceptable excuse for denying Petitioner an opportunity to cross-examine the government's expert. Although the IJ's ruling was in error, because we hold that the IJ's credibility findings are supported by

3

other evidence in the record, and because Petitioner failed to show a well-founded fear of persecution, the IJ's error was ultimately not prejudicial.[1]

Petitioner also argues that the IJ erred in finding that Petitioner did not establish a "well-founded fear" of persecution required for an asylum claim under 8 U.S.C. § 1101(a)(42)(A). Petitioner's asylum claim is based on practicing for two weeks exercises prescribed by Falun Gong, a movement banned by the Chinese government.

Petitioner's brief affiliation with a banned movement and inquiries from the police are not sufficient to establish a well-founded fear of persecution. The Chinese authorities, moreover, have not arrested or otherwise disturbed Petitioner's family since his departure. Nor do we have any evidence that the police have inquired about Petitioner since March 2004, a year before the IJ's decision. Finally, the State Department's human rights report supplied by Petitioner notes that the vast majority of Falun Gong practitioners detained during the initial crackdown against the movement in 2000 have since been released.

Petitioner also seeks withholding of removal under 8 U.S.C. § 1231(b)(3) and protection under the CAT. Because Petitioner must meet a higher standard of

---

[1] At argument, counsel for the government noted the court's concerns with the IJ's handling of Petitioner's request for cross-examination and agreed to investigate and report back to the court at a later date.

proof than the "well-founded fear" standard to succeed on these claims , these claims must fail as well. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003) (to qualify for CAT protection, alien must show that he will more likely than not be tortured in his home country if removed); *Al-Harbi v. INS*, 242 F.3d 882, 888-89 (9th Cir. 2001) (alien must show that he will more likely than not be persecuted if removed to be eligible for cancellation of removal).

The petition for review is **DENIED**.